MACDONALD | FERNANDEZ LLP
IAIN A. MACDONALD (SBN 051073)
221 Sansome Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Proposed Attorneys for Debtor,
LAURA ANN GENS

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In Re: | Case No. 10-55305-CN-11 |
| LAURA ANN GENS, | Chapter 11 |
| Debtor. | STATUS CONFERENCE STATEMENT |
| | Date: June 21, 2012<br>Time: 11:00 p.m.<br>Place: Courtroom 3070<br>280 South First Street<br>San Jose, California |
| | Judge Charles Novack |

COMES NOW Laura Ann Gens, debtor herein, and submits this Status Conference Statement in response to this court's order to show cause dated May 11, 2012:

1.      The within case was commenced by filing a voluntary petition on May 21, 2010. . No trustee has been appointed, and the debtor is in possession of her estate.

2.      Debtor has been representing herself (albeit assisted by her husband, a patent attorney) and has only now consulted bankruptcy counsel and made arrangements for her representation. An application to appoint Macdonald | Fernandez LLP will be submitted presently.

3.      Debtor filed a plan dated March 16, 2012 using the court's "Model Plan" form, but, because of the debtor's unfamiliarity with applicable law, the plan did not comply with Bankruptcy Code requirements, causing the court to issue the aforesaid Order to Show Cause.

4.      It appears that debtor owns residential real property in Palo Alto that has significant

STATUS CONFERENCE STATEMENT                                                                                          1

equity. The property is encumbered by a 30 year Adjustable Rate Mortgage Note ("Pick-A-Payment" loan), in default, held by Wells Fargo Bank, as successor in interest to Wachovia Mortgage, in the amount of $1,954,330---the amount set forth in the Wells Fargo Bank proof of claim dated September 27, 2010. The claim is disputed and an objection to the claim has been filed. The debtor's objection raises meritorious accounting issues that will require litigation to resolve. The debtor intends, once the claim is liquidated, to cure the defaults and reinstate the note.

    5.    An appropriate plan of reorganization, which will be filed presently, will provide for the note to be cured and reinstated on the effective date of the plan. The plan will be confirmable without the consent of Wells Fargo Bank, consistent with Bankruptcy Code section 1129(b) (8) and related provisions. Litigation of the claim objection will be fast-tracked so that the claim will be liquidated simultaneously with confirmation. The disclosure statement will demonstrate that the debtor is in a position to borrow the funds necessary to fund the cure and reinstatement. The plan will be in the best interests of the debtor and creditors because the substantial equity will be preserved and the loan will be cured.

    6.    The debtor also owns real property situated in Lake Geneva, Wisconsin, subject to a defaulted loan to Colonial Savings, F.A. The debtor is evaluating options with counsel to determine whether the property should be preserved, and the loan reinstated, or abandoned.

    7.    Debtor will file a revised plan of reorganization prior to the status conference.

    WHEREFORE, debtor prays that the Order to Show Cause be discharged, and that she have such other and further relief as is proper in the premises.

DATED: June 14, 2012                    MACDONALD | FERNANDEZ LLP


                                        By:    /s/ Iain A. Macdonald
                                             Iain A. Macdonald
                                             Proposed Attorneys for Debtor,
                                             Laura Ann Gens

Case: 10-55305    Doc# 186    Filed: 06/14/12    Entered: 06/14/12 16:40:04    Page 2 of 2